IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | No.1:19-CR-00146-MAC |
| vs. | |
| JIMMY JAMES MAMOTH, JR. | |
| Defendant. | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT**

Pending before the court is the Defendant's "Motion to Dismiss for Prosecutorial Misconduct" (Doc. No. 91) and the Government's Response (Doc. No. 97), as well as the Defendant's motion to re-urge these motions (Doc. No. 181), which was granted by United States District Judge Marcia Crone (Doc. No. 184). Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

### I.     Background

Mamoth, now proceeding *pro se*, is moving to dismiss the Superseding Indictment alleging that the prosecution abused the grand jury process and is prosecuting him vindictively by bringing a more serious offense against him after he asserted his rights in a motion hearing. (Doc. No. 91.) He also again claims that the Government has intruded upon his attorney-client relationship and colluded with his stand-by counsel, his correctional facility, and Michael Cupp (another individual housed at the same correctional facility) to spy on him and manufacture evidence. (*Id.*)

## II.    Discussion

A dismissal of the indictment for prosecutorial misconduct is appropriate only "if it is established that the violation substantially influenced the grand jury's decision to indict," or if there is "grave doubt" that the decision to indict was free from the substantial influence of such violations. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988); *United States v. Cessa*, 861 F.3d 121, 141 (5th Cir. 2017). Moreover, "a district court may not dismiss an indictment for errors in grand jury proceedings unless such error prejudiced the defendant." *Id.*

Mamoth was initially indicted for "Attempted Bank Robbery" pursuant to 18 U.S.C. § 2113(a) on October 2, 2019. (Doc. No. 9.) The penalty range for this offense is imprisonment of not more than twenty (20) years; a fine not to exceed $250,000, (or, if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss), or both; and a term of supervised release of not more than three (3) years. (*Id.*)

On June 3, 2020, the grand jury returned a First Superseding Indictment against Mamoth charging "Attempted Bank Robbery" pursuant to 18 U.S.C. § 2113(a) but changed the "intended" crime from larceny to bank robbery. (Doc. No. 57.) The statute and penalty range did not change. (*Id.*) Both indictments track the language of the second paragraph of 18 U.S.C. § 2113(a).

The Government states in its response that the purpose of the change from "larceny" in the original Indictment to "bank robbery" in the First Superseding Indictment was to avoid having to define "larceny" in the jury instructions and also to use the guideline range under the

robbery section instead of the larceny section, which the Government claims is actually more favorable to Mamoth. (Doc. No. 97.)

Accordingly, Mamoth has not shown that the prosecutors in this case committed any misconduct that substantially influenced the grand jury, nor is there any prejudice as Mamoth is facing the same statutory penalty range and possibly a lower guideline range.

Considering Mamoth's other claims of prosecutorial misconduct regarding government intrusion and collusion with counsel and Cupp, allegations of prosecutorial misconduct are reviewed by deciding first whether there was an improper remark or conduct and then whether it affected the substantial rights of the defendant. *United States v. Winters*, 530 F. App'x 390, 399 (5th Cir. 2013). Moreover, even in the case of the most "egregious prosecutorial misconduct," the indictment may be dismissed only "upon a showing of actual prejudice to the accused." *United States v. McKenzie*, 678 F.2d 629, 631 (5th Cir. 1982).

Mamoth's allegations all center around Michael Cupp's alleged involvement in this case. (Doc. No. 91.) As previously discussed in the undersigned's last order, Mamoth's allegations of collusion and intrusion are conclusory and unsupported. (Doc. No. 117.) The Cupp interview does not support Mamoth's allegations. Furthermore, the Government states in its response that "Cupp is not an informant" and "absent some unforeseen change in circumstances, he will not be a government witness at trial." (Doc. No. 97.) Consequently, Mamoth has failed to show any improper conduct affecting his substantial rights, nor has he shown any actual prejudice.

### III.   Recommendation

Accordingly, it is recommended that Mamoth's motion (Doc. No. 91) be DENIED as discussed above.

### IV.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within five (5) days (in light of the impending trial set for January 11, 2021) after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within five (5) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of December, 2020.

_____
Zack Hawthorn
United States Magistrate Judge