IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>vs.<br><br>JIMMY JAMES MAMOTH, JR.<br><br>    Defendant. | No.1:19-CR-00146-MAC |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTIONS TO DISMISS INDICTMENT**

Pending before the court is the Defendant's "Motion to Dismiss Indictment" (Doc. No. 75) and "Motion to Dismiss Superseding Indictment—Supplement" (Doc. No. 85), as well as the Defendant's motion to re-urge these prior filed motions (Doc. No. 181), which was granted by United States District Judge Marcia Crone (Doc. No. 184).

### I.   Background

The Defendant, Jimmy Mamoth, argues that the Superseding Indictment filed on June 3, 2020, should be dismissed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) because it fails to allege an offense, is vague, general, indefinite, and violates the 5th and 6th Amendments of the Constitution. (*Id.*)

### II.   Discussion

Federal Rule of Criminal Procedure 7(c) requires an indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged," and to state for each count, "the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated." Further, "[u]nder the Sixth Amendment, an indictment must (1) enumerate each *prima facie* element of the charged offense;

(2) inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions." *United States v. Guzman-Ocampo*, 236 F.3d 233, 236 (5th Cir. 2000). According to the Fifth Circuit, "an indictment is sufficient if it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend." *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013). "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003).

In this case, the Superseding Indictment (Doc. No. 57) alleges one count of Attempted Bank Robbery pursuant to 18 U.S.C. § 2113(a) and states specifically:

> Count One
> Violation: 18 U.S.C. § 2113(a)
> (Attempted Bank Robbery)
>
> On or about September 27, 2019, in the Eastern District of Texas, Jimmy James Mamoth, Jr., did attempt to enter Texas First Bank, 7551 FM 834, Hull, Texas 77564, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation (FDIC), with the intent to commit in such bank a felony affecting such bank and in any violation of any statute of the United States, bank robbery. All in violation of 18 U.S.C. § 2113(a).

The "Bank robbery and incidental crimes" statute, 18 U.S.C. § 2113(a), states:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113. The Superseding Indictment in this case tracks the same language in the second paragraph of the bank robbery statute,[1] minus the very last phrase—"or any larceny." The second paragraph of this statute requires the government to prove the following elements: "(1) an entry or an attempt to enter (2) any bank, credit union, or any savings and loan association (or building used in whole or part as such), (3) with the intent to commit there (4) any felony (5) affecting such bank, credit union, or savings and loan association." *United States v. Butler*, 949 F.3d 230, 235 (5th Cir. 2020) (citing *United States v. Dentler*, 492 F.3d 306, 310 (5th Cir. 2007)). The Government has sufficiently alleged all of these elements in the Superseding Indictment.

### III. Recommendation

The Superseding Indictment in this case fairly informs the Defendant of the crime alleged and alleges sufficient facts to give him notice. It also contains all of the elements of the crime alleged and tracks the statute's language. Therefore, the Defendant's Motions to Dismiss Indictment (Doc. No. 75, 85) should be DENIED.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within five days (5) days (in light of the impending trial set for January 11, 2021) after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States

---

[1] The Fifth Circuit has held that 18 U.S.C. § 2113(a) contains two separate distinct crimes. *See United States v. Butler*, 949 F.3d 230, 235 (5th Cir. 2020); *see also United States v. Jones*, 993 F.2d 58, 61 (5th Cir. 1993)

District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within five (5) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of December, 2020.

_____
Zack Hawthorn
United States Magistrate Judge