IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>JIMMY JAMES MAMOTH, JR.<br><br>        Defendant. | No.1:19-CR-00146-MAC |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO TRANSFER VENUE

Pending before the court is the Defendant's "Motion for Change of Venue" (Doc. No. 188.) Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

### I. Background

Mamoth, proceeding *pro se*, is moving to change venue pursuant to Federal Rule of Criminal Procedure 21(a) arguing that there exists such a great prejudice in this district that he is unable to obtain a fair and impartial trial here. (Doc. No 188.) He states that a local news reporter published a story on July 13, 2020, related to his agreement to enter a plea of guilty. (*Id.*) Mamoth requests transfer to the Southern District of Texas in the Houston Division. (*Id.*)

### II. Discussion

Federal Rule of Criminal Procedure 21(a) indicates that the district court must grant a change of venue when it is "satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant [that he] cannot obtain a fair and impartial trial."

1

When criminal proceedings are highly publicized, courts must examine the partiality of the jury and whether they are able to render a verdict based upon the evidence presented at trial rather than on information received from outside sources. *See Irvin v. Dowd*, 366 U.S. 717, 723, (1961). "Exposure to pretrial publicity, however, does not necessarily destroy a juror's impartiality." *United States v. Parker*, 877 F.2d 327, 330 (5th Cir. 1989) (citing *Calley v. Callaway*, 519 F.2d 184, 205-06 (5th Cir.1975) (en banc), *cert. denied sub nom. Calley v. Hoffmann*, 425 U.S. 911 (1976)). Therefore, a change of venue should not be granted on the mere showing of widespread publicity. *Id.*

In *Calley*, the Fifth Circuit explained:

> If, in this age of instant, mass communication, we were to automatically disqualify persons who have heard about an alleged crime from serving as a juror, the inevitable result would be that truly heinous or notorious acts will go unpunished. The law does not prohibit the informed citizen from participating in the affairs of justice. In prominent cases of national concern, we cannot allow widespread publicity concerning these matters to paralyze our system.

*Calley v. Callaway*, 519 F.2d 184, 210 (5th Cir. 1975). Consequently, the correct approach is to examine whether the jury panel is able to "'lay aside his impression or opinion and render a verdict based on the evidence presented in court.'" *United States v. Lipscomb*, 299 F.3d 303, 344 (5th Cir. 2002) (quoting *Murphy v. Florida*, 421 U.S. 794, 799-800 (1975)). Thus, even where there is a finding that the community is saturated with inflammatory pretrial publicity sufficient to raise a presumption of prejudice, that presumption may be rebutted. *United States v. Harrelson*, 754 F.2d 1153, 1159 (5th Cir.1985). "[T]he government may demonstrate from the voir dire that an impartial jury was actually impaneled .... If the government succeeds in doing so, the conviction will stand despite appellant's showing of adverse pretrial publicity." *Id.*

"The presumption [of juror prejudice] is generally not applied to cases in which the news accounts complained of are 'straight news stories rather than invidious articles which would tend to arouse ill will and vindictiveness.'" *United States v. O'Keefe*, 722 F.2d 1175, 1181 (5th Cir. 1983) (quoting *Calley*, 519 F.2d at 206). The undersigned finds that Mamoth has not satisfied his burden of demonstrating pretrial publicity so inflammatory that it establishes a presumption of prejudice. Any issues regarding the media coverage of his case and possible prejudice can be examined through questioning the prospective jurors during voir dire. Moreover, if a particular juror exhibits bias due to pretrial publicity, Mamoth can potentially strike the juror for cause. Given the wide pool of potential jurors and appropriate jury selection safeguards, the undersigned is confident that a fair and impartial jury can be impaneled within the Eastern District of Texas.

Accordingly, it is recommended that Mamoth's Motion to Transfer Venue (Doc. No. 188) should be DENIED as discussed above.

### III.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within seven (7) days (in light of the impending trial set for January 11, 2021) after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within seven (7) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of December, 2020.

_____
Zack Hawthorn
United States Magistrate Judge